IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZAIRE GRAY, | : | No.: 3:16-cv-00701 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| MOHAN T. RATANCHANDANI, | : | |
| Defendant/ | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DOMINIC MILLER, | : | |
| Third-Party Defendant. | : | |

MEMORANDUM

This diversity case arises out of a motor vehicle accident which occurred on May 16, 2014, in Monroe County, Pennsylvania. A related case is also pending in this court (Miller v. Ratanchandani, Civil Action No. 3:16-cv-00851-JFS) (the "related case") which also arises from the same accident. This matter is before us on the defendant's motion to consolidate this matter with the related case. (Doc. 15). For the reasons set forth below, we will grant the motion in part and deny the motion in part.

I.    Background

In his complaint, the plaintiff, Zaire Gray alleges that he was a front

seat passenger in a motor vehicle operated by Dominic Miller on Buttermilk Falls Road, Smithfield Township, Monroe County, Pennsylvania. (Doc. 1 ¶¶ 4, 5). Gray further alleges that on May 16, 2014, at 1:00 p.m., the defendant, Mohan T. Ratanchandani, drove through a stop sign at the intersections of Buttermilk Falls Road and Ridgetop Road which caused a violent collision with the Miller vehicle in which Gray was a front seat passenger. (Id. ¶ 7). Gray has alleged that the collision resulted from Ratanchandani's carelessness and negligence which caused him to suffer serious injuries and impairments of body functions. (Id. ¶¶ 9-16). Ratanchandani filed a third-party complaint joining Miller as an additional defendant. (Doc. 17).

In the related case, Miller is the plaintiff and is represented by the same counsel who also represents Gray in this matter. In the related case, Miller has also alleged that the accident occurred as a result of the carelessness and negligence of Ratanchandani when he drove through a stop sign at the intersections of Buttermilk Falls Road and Ridgetop Road. (related case Doc. 1-2 ¶¶ 3-5, 7, 8). Like Gray, Miller has alleged that as a result of the collision and Ratanchandani's negligence, Miller suffered

serious injuries and impairments of body functions. (<u>Id.</u> ¶¶ 9-14).

II.   <u>Legal Standards</u>

Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration. <u>In re Community Bank of N. Virginia</u>, 418 F.3d 277, 298 n. 12 (3d Cir.2005). Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed.R.Civ.P. 42(a). Consequently, the court may consolidate actions in whole or may order a joint trial of any matters in issue in the actions. <u>Id.</u> In a motion for consolidation, the moving party bears the burden of proof. <u>McClenaghan v. Turi</u>, Civil Action Nos. 09-5497, 11-3761, 2011 WL 4346316 (E.D. Pa. Sept. 16, 2011). Whether a common question of law or fact exists is the threshold requirement for determining whether consolidation is permissible.  <u>Farahmand v. Rumsfeld</u>, Civil Action No. 02-

1236, 2002 WL 31630709, at *1 (E.D. Pa. Nov. 20, 2002). When exercising its broad discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy.  <u>Easterday v. Federated Mut. Ins. Co.</u>, Civil Action No. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015). A court may deny a motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case. (<u>Id.</u>).

III.   <u>Discussion</u>

In his motion to consolidate, Ratanchandani maintains that consolidation is proper because: (1) the two civil cases arise from the same motor vehicle accident; (2) the cases involve common questions of law and fact; (3) consolidation would prevent inconsistent verdicts; (4) judicial economy would be served by consolidation of the cases and will not result in unfair prejudice to any of the parties; and (5) the theories of liability will be the same.

Gray opposes the motion to consolidate because: (1) consolidation will most likely require counsel for Gray and Miller to withdraw as counsel for one of them as a result of Miller being joined as an additional

4

defendant in the <u>Gray</u> case; (2) the injuries sustained by Gray are separate and distinct from the injuries sustained by Miller and the damages witnesses will be separate from each other which may tend to confuse and overwhelm the jury and thereby prejudice either Miller or Gray if the cases were tried together; (3) consolidation for trial will raise evidentiary issues on collateral matters regarding Miller's prior accident which may affect and prejudice Gray in his case; and (4) consolidation will not sufficiently expedite these actions or economize resources to justify consolidation.

Alternatively, Gray suggests that the cases be consolidated for discovery purposes and that a single trial be conducted on the issue of liability with separate trials for Gray and Miller in the event that they prevail in the liability phase. (Doc. 19, at 2, 5).

Our analysis of the issues raised by the motion caused us to review the third-party complaint (Doc. 17) filed by Ratanchandani joining Miller as an additional defendant. In the third-party complaint, Ratanchandani has alleged that Miller is jointly or severally liable on Gray's cause of action because Miller was driving too fast at the time of the accident and

that he failed to comply with the assured clear distance ahead rule. (Id. ¶¶ 7-13).  Thus, Miller's negligence, as alleged by Ratanchandani, is an issue for the fact finder.  In his opposition brief, Gray contends that in order to maximize his damages, he may have to place blame on Miller if the cases were consolidated.  (Doc. 19, at 4).  Further, he claims that consolidation may raise "the spectre to the jury that Mr. Gray may have assumed the risk" regarding Miller's alleged speeding and thereby minimize Gray's damages.  (Id.).  Whether the cases are tried together or separately, the risk of "raising the spectre" exists.  In this case, Miller is joined as an additional defendant and the jury will determine whether Miller was negligent.  Nothing filed to date suggests that Gray and Miller are at odds regarding the facts surrounding the accident or who was at fault. Nor has Gray sought  leave to amend his complaint to state a claim against Miller.  Thus, at this point, Gray and Miller are aligned on the issue of liability in which case there would be no apparent conflict of interest for plaintiffs' counsel.

We are more persuaded by the potential medical testimony from doctors with different specialities in both cases.  This may prejudice one case over another.  For instance, if the jury disbelieves, in whole or in

part, the testimony of a medical expert witness testifying on behalf of one of the plaintiffs, it may disbelieve the testimony of all expert testimony thereby adversely impacting on the other plaintiff. While it may be reasonable to order separate actions filed by different plaintiffs to be consolidated for trial, or, for example, discovery as Gray and Miller suggest, it seems patently unfair to require different plaintiffs, by complete consolidation of their actions, to join forces as if they filed suit together. See Kincy v. Petro, 2 A.3d 490, 495 (Pa. 2010). Federal trial courts have long consistently recognized the fairness and desirability of consolidating cases for trial, particularly on the issue of liability. Popkin v. E. Air Lines, Inc., 264 F. Supp. 426, 431 (E.D. Pa. 1962); Weitort v. A.H. Bull & Co., 192 F. Supp. 165 (E.D. Pa. 1961);  Hasset v. Modern Maid Packers, Inc., 23 F.R.D. 661 (D. Md. 1959). Here, however, the medical testimony is likely to be different and could prejudice either or both of the plaintiffs if their damages claims were tried together. Applying the principles of Rule 42(a) to Ratanchandani's motion, and in the exercise of the court's discretion with respect to matters of case management, we find it appropriate to grant the motion to consolidate in part. Both cases involve similar legal claims and facts on liability; however, the

distinctions between these cases—especially the medical testimony for Gray and Miller—are considerable enough to cancel any benefit gained by consolidation in whole. Consolidation of these actions in whole would not conserve the resources of the parties and/or counsel, and it would have little effect on the limited resources of the judiciary, and it could potentially prejudice Gray or Miller. There is no sound reason why these two actions must be consolidated in whole. It is neither fair nor just that there should be a different liability result for Gray than there is for Miller. Accordingly, we will grant the motion in part and deny the motion in part.

An appropriate order follows.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: October 31, 2016